UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81795-CV-MARRA/MATTHEWMAN

ENGINEERED TAX SERVICES, INC.,

    Plaintiff,

vs.

SCARPELLO CONSULTING, INC.,

    Defendant.
_____/



FILED by ___ D.C.

FEB 0 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS [DE 69]

**THIS CAUSE** is before the Court upon Plaintiff, Engineered Tax Services, Inc.'s Second Motion to Compel Production of Documents [DE 69]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 29. Defendant filed a Response to the Motion [DE 72]. This Court entered an Order setting a hearing on Plaintiff's Second Motion to Compel [DE 75], and subsequently entered an Order adding two additional motions [DE 73, DE 77] to the hearing [DE 80]. The Court held a hearing on the motions on November 15, 2017. The Court denied Defendant's Motion for Protective Order [DE 73] as moot and denied Plaintiff's Motion for Sanctions for Failure to Appear at a Properly Noticed Deposition [DE 77]. The Court did not decide Plaintiff's Second Motion to Compel [DE 69], and ordered the parties to each file a supplemental memorandum by December 7, 2017 at 5:00 p.m. The memoranda were intended to solely address the motion to compel Defendant's customer list, and specifically, whether the Court should order a) production of the customer list in its entirety, b) a particular subset of the

customer list, or c) whether no further portion of the customer list other than what was previously produced by Defendant should be ordered produced. Further, the parties were to discuss whether, if the motion to compel is granted to any extent, the Plaintiff shall be permitted to contact the listed customers in order to seek evidence of a likelihood of confusion, or actual confusion, as to the disputed mark. Defendant filed its Supplemental Brief in Opposition to the Second Motion to Compel. [DE 88]. Plaintiff filed its Memorandum in Support of its Motion to Compel Defendant to Produce Customer List. [DE 89]. The matter is now ripe for review.

I. **BACKGROUND**

Plaintiff, Engineered Tax Services, Inc. has asserted claims for trademark infringement, initial interest confusion, dilution, unfair competition, false designation of origin, common law trespass to chattels, deceptive unfair trade practices and common law unjust enrichment against Defendant, Scarpello Consulting, Inc., because of Defendant's alleged use of the name "Engineered Tax Services" in connection with the sale, advertisement, and Defendant's offering of services identical to those of Plaintiff without Plaintiff's authorization. [DE 1]. The alleged infringement is Defendant's use of the phrase, "Engineered Tax Services" as a Google AdWord. [DE 72, pg. 3]. A Google AdWord is a word that, when searched on Google, produces Defendant's paid advertisement as a search result. *Id.* Upon discovery, Plaintiff made the following Request for Production to Defendant:

> Request No. 3: "All documents sufficient to identify all Defendant's customers since 2014 for all services provided by Defendant." [DE 69, pg. 2].

Defendant objects to this request "as being outside the scope of permissible discovery." *Id.* Defendant also objects because the Court has already heard the issue in Plaintiff's first Motion to Compel, and Defendant alleges that it has already produced the "only customers who could potentially have viewed the Google Ad campaign in dispute in this case." *Id.* Defendant

2

also objects to the request by arguing that Plaintiff is attempting to obtain competitor information, which is not relevant or within the scope of discovery. *Id.*

In its Motion to Compel [DE 69], Plaintiff alleges that the production of these documents is necessary in order to conduct a consumer survey regarding actual confusion due to the infringement alleged in this case. [DE 69, pg. 3]. Consumer surveys are used to convince a court that consumer confusion exists or does not exist between trademarks, and provide direct evidence about consumer perceptions. *Id.* Plaintiff further argues that the customer list is necessary in order to refute Defendant's claim that the trademark has not misdirected or confused any consumer or potential customer. *Id.* Plaintiff rejects Defendant's claim that the Court had already determined this issue. Plaintiff claims that the Court ordered Defendant to produce all documents concerning the yearly dollar volume of sales for services during 2016 and 2017, as well as all documents concerning Defendant's gross and net profits from the sale of Defendant's services during 2016 and 2017, but the Court's Order did not concern customer lists. [DE 69, pg. 4]. Plaintiff also rejects Defendant's claim that the request is an attempt to obtain competitor information in discovery, because there is an expansive Protective Order in place which would prohibit the client or competitor from viewing highly confidential documents. [DE 69, pg. 6].

In Defendant's Response [DE 72], Defendant alleges that it has already produced a list of all customers who had come to Scarpello Consulting through any online advertisement since April 1, 2014, which necessarily includes any customers that could have viewed the advertisement that Plaintiff alleges constitutes trademark infringement. [DE 72, pg. 3]. Defendant asks the Court to limit Plaintiff's discovery request to discovery of a list of online customers, which was already produced to Plaintiff, because online customers are the only customers who could have potentially seen the alleged infringement. [DE 72, pg. 4]. Defendant

3

argues that a list of customers who have no connection to the alleged infringing activity should be beyond the scope of discovery because the information pertaining to these customers is neither relevant to a claim or defense nor proportional to the needs of this case. [DE 72, pg. 5]. Defendant adds that the Court has already denied Plaintiff's attempt to discover all of Defendant's sales information, and instead only allowed discovery into the sales information pertaining to customers who had been exposed to the online ad at issue in this case. [DE 72, pg. 6].

## II. THE PARTIES' SUPPLEMENTAL MEMORANDA

The Court held a discovery hearing on Plaintiff's Second Motion to Compel [DE 69], Defendant's Motion for Protective Order [DE 73], and Plaintiff's Motion for Sanctions [DE 77] on November 15, 2017. The Court took Plaintiff's Second Motion to Compel [DE 69] under advisement, and entered an Omnibus Discovery Order [DE 87] on November 17, 2017, which resolved the other motions, and further required the parties to file supplemental memoranda specifically on the issue of whether the Court should order a) production of the customer list in its entirety, b) a subset of the customer list, or c) whether no further portion of the customer list other than what was previously produced by Defendant should be produced.

On December 7, 2017, Defendant filed its Supplemental Brief in Opposition to Second Motion to Compel. [DE 88]. Defendant argues that the entirety of its customer list is not proportional to the needs of this case, because almost all of Defendant's business is generated through referrals from established relationships and not through its online advertisements. [DE 88, pg. 2]. Further, Defendant alleges that the only act of alleged infringement in this case is the use of the phrase "engineered tax services" in a single paid Google advertisement, which is clearly delineated as an advertisement if someone searches for "engineered tax services" using

4

Google. *Id.* Defendant also argues that it has already produced to Plaintiff a list of all customers, and corresponding sales/project revenues, in the relevant time frame that came to Defendant through any online activity. *Id.* Defendant claims it has already produced the report from its third-party online marketing vendor listing the leads generated from the ad at issue. *Id.* Defendant argues that the customer list sought by Defendant does not relate to the calculation of damages. Finally, Defendant disputes Plaintiff's purpose for seeking the customer list, because its purpose – to survey the customers regarding actual confusion – is improper. [DE 88, pg. 2].

On December 7, 2017, Plaintiff filed its Memorandum in Support of Motion to Compel Production of Documents. [DE 69]. Plaintiff argues that the production of the customer list is necessary because it will be used for a customer survey. The customer survey is a method to demonstrate the existence of actual confusion, which is compelling proof of likelihood of confusion. [DE 89, pg. 4]. Plaintiff claims that the information is critical to the issue of actual damages. Plaintiff also argues that the list would not prejudice Defendant because the parties entered into a Stipulated Protective Order [DE 52], and therefore the list would be for attorney's eyes only. [DE 89, pg. 5]. Plaintiff argues that the burden would be slight to Defendant, because its entire customer list is less than 200 clients. [DE 89, pg. 6]. Plaintiff claims that the purpose of the list, to survey clients, is permissible because Plaintiff will not make contact with any customer directly, but instead will rely on an expert to use the customer list to "neutrally gather and define the relevant demographic" of the consumer in order to gauge who has been misled by the alleged infringement. [DE 89, pg. 7]. Additionally, Plaintiff claims that Defendant is simply trying to "cherry pick" which customers it wants to produce and that this decision should not be at the discretion of the Defendant. [DE 89, pg. 8].

## III. ANALYSIS

Federal Rule of Civil Procedure 37 allows any party who seeks discovery to move for an order compelling production if a party fails to produce documents as requested. Fed. R. Civ. P. 37. Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). A party is entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary* 6 (2015)). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). The party who resists discovery bears the burden of showing the grounds for its objection with specificity. *Josephs v. Harris Corp.* 677 F.2d 985, 992 (3d Cir. 1982).

Here, Plaintiff seeks "all documents sufficient to identify all of Defendant's customers since 2014 for all services provided by Defendant." [DE 69, pg. 2]. As an initial matter, several courts have held that customer lists and related information may, in a situation such as this, constitute protectable trade secrets under Florida law. *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-CV-791-T-36AAS, 2017 WL 735457, at *1 (M.D. Fla. Feb. 24, 2017) (citing *Marine Turbo Eng'g, Ltd. v. Turbocharger Servs. Worldwide, LLC*, No. 11–60621– CIV, 2011 WL 6754058, at *9 (S.D. Fla. 2011); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn*, 191 F. Supp. 2d 1346, 1351 (M.D. Fla. 2002)); *See Exchange Intern, Inc. v. Vacation Ownership Relief,*

6:10–cv–1273–Orl–35–DAB, 2010 WL 4983669, at *5 (M.D. Fla. Oct. 27, 2010). However, Defendant's objection to Plaintiff's Request for Production does not allege that its Customer List is a protected trade secret. Instead, Defendant argues that the documents requested, which detail *every* customer of Defendant for *all* of Defendant's services, is overly broad, irrelevant, and disproportionate to the needs of this case. The Court agrees and sustains Defendant's objection. *See Evans v. W. Atlee Burpee Co.*, No. 15-61819-CV, 2016 WL 3382347 (S.D. Fla. June 6, 2016); *O'Boyle v. Sweetapple*, No. 14-81250-CIV, 2016 WL 492655 (S.D. Fla. Feb. 8, 2016) (Information sought in discovery was disproportionate and irrelevant and would cause the parties to run down a rabbit hole chasing irrelevant information on collateral matters, resulting in the needless and wasteful expenditure of time and money by both parties).

The only act of trademark infringement alleged in this case concerns Defendant's use of the phrase "engineered tax services" as a Google AdWord. However, Plaintiff is seeking documents which identify *all* of Defendant's customers for *all* services provided by Defendant. Such a request is overbroad and disproportionate under the facts of this case. Defendant points out that almost all of its business is generated through referrals from established relationships and not through online advertisements. Plaintiff claims that it needs the identities of each of the 200 customers in order to conduct a customer survey, the purpose of which is to demonstrate the existence of actual confusion in this case. However, there is no evidence or information that customers who purchased services from Defendant via referrals or through methods other than the internet ever came into contact with the phrase "engineered tax services" as a Google AdWord. Customers who purchased services from Defendant via referrals or through methods other than the internet were apparently not exposed to the alleged infringing online advertisement, and thus it seems unreasonable to believe that these customers could provide any

7

relevant evidence as to actual confusion. Plaintiff has not shown that the identity and information regarding customers who never came into contact with the Google AdWord at issue, the sole allegation of infringement, have any relevance to the issues of liability or of damages in this case. Such broad, invasive, and disproportionate discovery is not permissible.

The Court finds that the information regarding the identity of customers who bought services online is indeed relevant due to their possible exposure to the alleged infringement at issue. It is possible that these online customers were impacted by the alleged infringement, and therefore Plaintiff is entitled to discovery regarding these customers. However, Defendant has already produced to Plaintiff the list of these customers, and the corresponding sales of these customers, who purchased Defendant's services through the internet between April 1, 2014 to present. [DE 72-3, pgs. 3-4]. Thus, the Court sustains Defendant's objection to Plaintiff's Request for Production and denies Plaintiff's Motion to Compel.

## IV. <u>CONCLUSION</u>

In light of the foregoing, it is **ORDERED** that Defendant's objection to Plaintiff's Request for Production is **SUSTAINED** and Plaintiff's Motion to Compel [DE 69] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of February, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE