UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81795-CV-MARRA/MATTHEWMAN

ENGINEERED TAX SERVICES, INC.,

    Plaintiff,

vs.

SCARPELLO CONSULTING, INC.,



    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT SCARPELLO CONSULTING, INC.'S MOTION FOR BILL OF COSTS [DE 136] AND ON PLAINTIFF ENGINEERED TAX SERVICES, INC'S MOTION TO STAY PENDING DISPOSITION OF APPEAL OR IN THE ALTERNATIVE, FOR APPROVAL OF POSTING SUPERSEDEAS BOND TO STAY EXECUTION OF THE BILL OF COSTS [DE 140]**

**THIS CAUSE** is before the Court upon Defendant, Scarpello's Consulting, Inc.'s Motion for Bill of Costs [DE 136] and upon Plaintiff, Engineered Tax Services, Inc.'s Motion to Stay Pending Disposition of Appeal or, in the Alternative, For Approval of Posting Supersedeas Bond [DE 140]. These Motions were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 141. Defendant filed a Brief in Opposition to Plaintiff's Motion to Stay Pending Appeal or, in the Alternative, for Approval of Positing Supersedeas Bond. [DE 142].

On July 31, 2018, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment [DE 133]. Therefore, the Court entered Final Judgment in favor of Defendant and against Plaintiff. [DE 134].

Defendant then filed a Motion for Bill of Costs against Plaintiff in the amount of $3,053.63. [DE 136]. Plaintiff has filed an appeal in the Eleventh Circuit Court of Appeals [DE 135] and seeks to stay execution on the bill of costs. [DE 140, pg. 2, ¶ 2]. Plaintiff first seeks to stay the execution of the bill of costs without the posting of a bond, arguing that Plaintiff is solvent, will remain solvent in the future, and therefore there are "not reasonable grounds for believing that Plaintiff would not be able to pay whatever judgment that should arise from Defendant's Bill of Costs." [DE 140, pg. 3]. In the alternative, Plaintiff asks that it be permitted to post a supersedeas bond, pursuant to Federal Rule of Civil Procedure 62(d), in the amount of $3,358.30, or 110% of the cost amount, as required by Southern District of Florida Local Rule 62.1.

Defendant opposes a stay of execution of the Bill of Costs and argues that the Court retains jurisdiction to decide costs and attorney's fees while an appeal is pending, and should do so in this case. [DE 142, pg. 2]. Although Defendant opposes a stay of any kind, it states in its Response that if a stay is imposed, Plaintiff should be required to post a 110% bond for the Bill of Costs. [DE 142, pg. 5].

When a party appeals a district court's judgment, the party is entitled to a stay of a money judgment as a matter of right if he posts a bond under Rule 62(d). *See United States v. Wylie*, 730 F. 2d 1401, 1402 n.2 (11th Cir. 1984); *Hepsen v. J.C. Christensen & Assocs., Inc.*, No. 8:07-CV-1935-T-EAJ, 2010 WL 11595146, at *1 (M.D. Fla. May 5, 2010). Rule 62(d) states:

> **Stay with Bond on Appeal**. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). The issue of supersedeas bonds is considered in Rule 62.1 of the Local Rules of the Southern District of Florida, which states:

> **(A) Appeal Bond.** A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise.

Southern District of Florida federal courts follow the rule that a bond is the norm for obtaining a stay and that a stay without one requires that one of two limited exceptions apply. Those two exceptions are (a) where the party's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, or (b) where the requirement would put a party's other creditors in undue jeopardy. *SunTrust Bank v. Ruiz*, No. 14-21107-CIV-LENARD/GOODMAN, 2015 WL 11216712, at *2 (S.D. Fla. Aug. 16, 2015), *report and recommendation adopted,* No. 14-21107-CIV-LENARD/GOODMAN, 2015 WL 11216713 (S.D. Fla. Nov. 6, 2015); *Avirgan v. Hull,* 125 F.R.D. 185, 186 (S.D. Fla. 1989) (also noting that Rule 62(d) "indicates that a court can issue a stay pending appeal only when the judgment debtor posts a supersedeas bond"). *See also Lary v. Boston Sci. Corp.,* No. 11–cv–23820, 2015 WL 1000966, at *1 (S.D. Fla. Mar. 6, 2015); *Tara Prod., Inc. v. Hollywood Gadgets, Inc.,* No. 09–61436–CIV, 2011 WL 4020855, at *2 (S.D. Fla. Sept. 9, 2011).

Here, Plaintiff has merely asserted that it is "solvent" and that "will remain so in the reasonably foreseeable future." [DE 140, pg. 2]. There is also no evidence to suggest that posting a bond would put Plaintiff's other creditors in undue jeopardy. Further, the purpose of the supersedeas bond is to assure the existence of the funds to satisfy the required costs in the event that the judgment is affirmed. *See RPM Nautical Found., LLP v. New Stock Island, Inc.,* No. 11-10086-CIV, 2014 WL 2119266, at *1 (S.D. Fla. May 14, 2014). Therefore, the Court finds that the entry of a stay without a bond in this case is unwarranted.

However, the undersigned finds that the posting of a supersedeas bond is appropriate and authorized. A bond in the amount of 110% of the cost amount will ensure that Plaintiff will be

able to satisfy the required costs if the judgment is affirmed. In Plaintiff's proposal to deposit a cashier's check in the amount of 110% of the cost amount, Plaintiff satisfies the requirements of Federal Rule 62(d) and Local Rule 62.1. *See Id.*

Accordingly, the Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Stay Pending Disposition of Appeal, or in the alternative, for Approval of Supersedeas Bond [DE 140]. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Approval of Supersedeas Bond to stay execution of the Bill of Costs [DE 136] pending appeal and **ORDER** Plaintiff to deliver to the Clerk of Court a supersedeas bond in the form of a cashier's check (or other means acceptable to the Clerk) payable to the Clerk of Court in the amount of $3,358.30, where it will accrue interest while deposited. The Court **RECOMMENDS** that the District Court deny Plaintiff's motion [DE 140] in all other respects. The Court also **RECOMMENDS** that Defendants' Motion for Bill of Costs [DE 136] be denied without prejudice to re-file after the appeal is concluded, upon the posting of the supersedeas appeal bond in the amount specified above in a prompt and timely manner.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to the Report and Recommendation within that time period waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of November, 2018.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE